UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DOUGLAS H. DEHN,

            Petitioner,

v.

STATE OF MINNESOTA,

            Respondent.

Civil No. 07-2006 (DWF/SRN)

**REPORT AND RECOMMENDATION**

      The above-entitled matter is before the undersigned Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

      In April 2004, Petitioner was convicted in the state district court for Olmsted County, Minnesota, on a charge of "aiding and abetting first degree controlled substance." He was sentenced to 110 months in state prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Faribault, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-4.)

      After Petitioner was convicted and sentenced, he filed a direct appeal, which presented the following claims for relief: (1) that he was convicted based on evidence

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

obtained by means of an illegal search and seizure, (2) that he should have been granted a "downward departure" at sentencing, (3) that his federal constitutional rights were violated, because his sentence was based on factual determinations made by a judge, rather than a jury, (4) that he did not give a valid waiver of his right to a pre-trial "omnibus hearing," and (5) that he was deprived of his constitutional right to effective assistance of counsel, because his attorney erroneously waived the omnibus hearing. The Minnesota Court of Appeals considered and rejected all of those claims on the merits, and the Minnesota Supreme Court denied Petitioner's subsequent petition for further review. State v. Dehn, No. A04-1748 (Minn.App. 2005), 2005 WL 2739301 (unpublished opinion), rev. denied, Dec. 21, 2005.

In January 2006, Petitioner filed a state post-conviction motion in the trial court, claiming that his conviction violated the Minnesota State Constitution in several respects. The trial court found that all of Petitioner's post-conviction claims were procedurally barred under the state court rule prescribed by State v. Knaffla, 309 Minn. 246, 252 (1976), because his claims could have been, (and should have been), raised in his direct appeal.

Petitioner then filed a second appeal, challenging the trial court's ruling on his post-conviction motion. He also attempted to raise several entirely new claims in his post-conviction appeal, namely that he received ineffective assistance of counsel at trial, and on his direct appeal. Petitioner claimed that he had received ineffective assistance of counsel at trial, because his attorney (a) failed to request a jury instruction on a lesser-included-offense, and (b) did not object to the testimony of an accomplice. He further claimed that he received ineffective assistance of counsel on appeal, because the claims that he raised in his post-conviction motion had not been raised by his appellate counsel

in his direct appeal.

The Minnesota Court of Appeals upheld the trial court's application of the Knaffla rule, (and also found Petitioner's post-conviction claims to be substantively without merit). The Court of Appeals further held that Petitioner had waived his new claims of ineffective assistance of counsel, because he had not presented those claims to the trial court in his post-conviction motion, but instead attempted to raise them for the first time on appeal. Dehn v. State of Minnesota, No. A06-617 (Minn.App. 2007), rev. denied, March 28, 2007.

Petitioner's current habeas corpus petition was filed on April 23, 2007.[2] The petition itself lists two claims for relief:

(1) that Petitioner's conviction violates Article IV, Section 17 of the Minnesota State Constitution, which says that "[n]o law shall embrace more than one subject, which shall be expressed in its title"; and

(2) that Petitioner's 110-month prison sentence was improper, because, as explained by Petitioner, "If manufacturing of methamphetamine is a Level IX offense, then how can aiding and abetting also carry the same sentence of 110 months?"
Petition, p. (5), § 12.

Petitioner has also filed a "Memorandum" in support of his petition, (Docket No. 2), which reiterates the first claim listed in the petition itself – i.e., that his conviction violates the Minnesota State Constitution. The Memorandum also adds two new claims – (1) that

---

[2] Petitioner filed a previous habeas corpus petition last year, while his state post-conviction proceedings were still pending. Dehn v. State of Minnesota, Civil No. 06-209 (DWF/SRN). That action was dismissed without prejudice, because Petitioner had failed to exhaust his state court remedies for all of his claims, as required by 28 U.S.C. 2254(b), and Rose v. Lundy, 455 U.S. 509 (1982).

the trial court and the Minnesota Court of Appeals misapplied the <u>Knaffla</u> rule in the post-conviction proceedings, and (2) that Petitioner received ineffective assistance of counsel at trial, and on his direct appeal.

For the reasons discussed below, the Court finds that none of Petitioner's current claims for relief can be entertained here, and that his current habeas corpus petition must be summarily dismissed.

## II. DISCUSSION

### A. State Constitution Claim (Ground One of Petition, Argument I of Memorandum)

A federal district court can grant habeas corpus relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, federal habeas corpus relief is available only for violations of <u>federally</u> protected rights. <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) (<u>per curiam</u>) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension"). The United States Supreme Court has repeatedly held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991).

In this case, the Petitioner's first claim for relief – i.e., that his conviction violates Article IV, Section 17, of the Minnesota <u>State</u> Constitution – is obviously based solely on state law, not federal law. Therefore, that claim cannot be entertained here.

### B. Sentencing Error Claim (Ground Two of Petition)

Ground Two of the current petition must also be summarily rejected, because it too

lacks any federal constitutional dimension. It is well-established that, "[w]ith the exception of due process claims, state prisoners' claims of error involving sentencing... are matters governed by state law that are not cognizable in federal habeas proceedings." Martin v. Solem, 801 F.2d 324, 331 (8th Cir. 1986).

Here, Petitioner has not mentioned the federal Constitution, nor has he alluded to any federal constitutional principle, in his explanation of the sentencing error claim set forth in his petition. To the contrary, the petition mentions only a "Level IX offense," which presumably is an allusion to the state sentencing guidelines.

Again, federal habeas review is not available for a claim based on an alleged misapplication of state law. Therefore, Ground Two of the present petition, challenging the state courts' application of state sentencing law, is not reviewable here.

C. Misapplication of the Knaffla Rule (Argument II of the Memorandum)

In "Argument II" of the Petitioner's Memorandum, he contends that the Minnesota state courts misapplied the "Knaffla rule" during his state post-conviction proceedings. As noted above, the Knaffla rule is a state procedural rule, which bars state prisoners from raising claims in post-conviction motions, if such claims could have been raised on direct appeal. As explained by the Minnesota Court of Appeals:

> "The Knaffla rule provides that once a direct appeal has been taken, 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.' State v. Knaffla, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). 'Knaffla also bars claims that should have been known at the time of direct appeal.' Quick [v. State], 692 N.W.2d [438, 439 (Minn. 2005)]. But Knaffla does not prevent a postconviction court from considering a claim '(1) if the claim presents a novel legal issue or (2) if fairness requires review of the claim and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal. Id."

5

Dehn v. State of Minnesota, 2007 WL 92906 at *1.

Petitioner now contends that his state post-conviction claims should been reviewable under one or both of the two exceptions to the Knaffla rule noted in the State Court of Appeals' decision, (supra). This argument must be rejected, however, because a state court's application of a state procedural rule is not subject to federal habeas corpus review. Clemons v. Luebbers, 381 F.3d 744, 751 (8th Cir. 2004) ("federal courts do not look at whether state courts have correctly applied their own procedural rules[;] [t]hey simply determine whether those procedural rules were applied to bar the claim"), cert. denied,126 S.Ct. 41 (2005); Murray v. Hvass, 269 F.3d 896, 899 (8th Cir. 2001), ("it is not the province of a federal court to decide whether a matter ought to be considered procedurally defaulted under state law"), cert. denied, 535 U.S. 935 (2002); May v. Iowa, 251 F.3d 713, 716 (8th Cir. 2001) ("[w]e may not disturb a state court decision interpreting state law on habeas review... and thus we reject [the petitioner's] contention that he did not default his three ineffective assistance of counsel claims"). Thus, it is clear that this Court cannot review the Minnesota Court of Appeals' application of the Knaffla rule to Petitioner's post-conviction claims.

   D.  Ineffective Assistance of Counsel, (Argument III of Memorandum)

Finally, Petitioner claims that he received ineffective assistance of counsel at trial, and on his direct appeal. He first claims that his trial counsel erred by failing to object to the testimony of an accomplice, and by failing to request a lesser-included-offense instruction. (Petitioner's Memorandum, pp. 6-7.) Petitioner also claims that his appellate counsel erred by failing to raise his various state post-conviction claims in his direct appeal.

Petitioner raised all of his current ineffective assistance of counsel claims for the first time in his appeal in his post-conviction proceedings. Dehn, 2007 WL 92906 at * 3. The Minnesota Court of Appeals refused to address those claims on the merits, because of a state procedural rule that prohibits litigants from raising new claims for the first time on appeal. As explained by the State Court:

> "For the first time, in his informal brief to this court, appellant claims his trial counsel was ineffective because he did not request a lesser-included-offense instruction and because he did not object on the ground that accomplice testimony at trial was insufficiently corroborated. Appellant also claims he was denied effective assistance of appellate counsel because his appellate counsel did not raise appellant's constitutional claims on direct appeal. Appellant did not raise any of his ineffective-assistance-of-counsel claims at the postconviction level, and the postconviction court did not rule on those claims. Accordingly,... we conclude that we have no postconviction ruling to review, and <u>appellant has waived those claims for purposes of this appeal</u>."

Id. (emphasis added).

When a state appellate court expressly declines to address a particular claim on the merits because the claim was not raised in accordance with applicable state procedural rules, the claim must be treated as a "procedurally defaulted" claim for federal habeas corpus purposes. As the Eighth Circuit Court of Appeals explained in Hall v. Delo, 41 F.3d 1248, 1250 (8th Cir. 1994), "[a] federal claim has not been fairly presented to the state courts," and is therefore procedurally defaulted, "when the state court has declined to decide the federal claim on the merits because the petitioner violated a state procedural rule." See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("a federal court may usually only consider 'those claims which the petitioner has presented to the state courts in accordance with state procedural rules'"), quoting Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.), cert. denied, 517 U.S. 1215 (1996).

A claim that has been procedurally defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991).  The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995) (emphasis added). In other words, the petitioner cannot simply point to errors that allegedly occurred during the course of his criminal prosecution; he must instead offer some new evidence which affirmatively demonstrates that he must truly be innocent of the crime for which he was convicted.[3]

---

[3] As explained by our Court of Appeals --

> "The actual innocence exception is concerned with claims of actual, not legal innocence. Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994). It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception. Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....' [Schlup, 513 U.S. at 324.] Examples of evidence which may establish factual innocence include credible declarations of guilt by another, see Sawyer v. Whitley, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, see Schlup, 513 U.S. [at 324]... and exculpatory scientific evidence."

Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996). For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).

The rules governing procedural default have been summarized by the United States Supreme Court as follows:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

Coleman, 501 U.S. at 750.

In this case, the Minnesota Court of Appeals held that Petitioner had procedurally defaulted his post-conviction ineffective assistance of counsel claims, because he did not present them to the trial court in his post-conviction motion. As a result of that procedural default, Petitioner's ineffective assistance claims cannot be reviewed in the present federal habeas corpus action, except upon a showing of cause and prejudice, or proof of actual innocence.

Petitioner has made no effort to satisfy the cause and prejudice requirement, and it clearly appears that he could not do so.[4] Petitioner also has presented no new evidence that would affirmatively prove that he is, in fact, innocent of the crime for which he was convicted. Therefore, Petitioner cannot overcome his procedural default of his ineffective assistance of counsel claims.

### III. CONCLUSION

For the reasons discussed above, the Court finds that none of Petitioner's current

---

[4] Petitioner's ineffective assistance of appellate counsel claim cannot serve as "cause" to excuse the procedural default of his other claims, because that ineffective assistance claim itself was not fairly presented to the state courts. Edwards v. Carpenter, 529 U.S. 446, 452 (2000).

habeas corpus claims can be entertained here. The two claims listed in the petition itself are not reviewable in federal court, because they do not present any federal constitutional issues. Petitioner's challenge to the state courts' application of the Knaffla procedural rule also presents a purely state law issue, which is not subject to federal habeas review. Finally, Petitioner's various ineffective assistance of counsel claims cannot be reviewed, because those claims have been procedurally defaulted. Thus, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Governing Rules.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**; and

2. This action be summarily **DISMISSED WITH PREJUDICE**.

DATED: May 1, 2007

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 16, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.